## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OVEN INDUSTRIES, INC.,<br>*Plaintiff*<br><br>v.<br><br>LYNN WILLIAMS and BEE HIVE<br>THERMAL INDUSTRIES, LLC,<br>*Defendant* | NO. |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Oven Industries, Inc. ("OI"), by its undersigned counsel, files this Complaint against Defendants Lynn Williams ("Williams") and Bee Hive Thermal Industries, LLC ("BHTI") (collectively, "Defendants"), alleging as follows:

### NATURE OF THE ACTION

1.     This action seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202, specifically for correction of inventorship under 35 U.S.C. § 256 for U.S. Patent No. 11,122,781 ("the '781 patent") (Exhibit 1, previously Exhibit A) or, alternatively, invalidation and unenforceability of the patent due to improper and deceptive inventorship omissions, and a declaration regarding ownership rights under a Manufacturing and Supply Agreement.

1

2.      Defendants improperly excluded OI employees Michael Carlini, Sukhdev Sangha, William Shaull and Todd Shuey from inventorship despite significant, documented contributions to the patented invention.

3.      Defendants' actions have created an actual, substantial controversy by commercializing and transferring rights to the '781 patent, threatening OI's legal and commercial interests.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this dispute arises under federal patent law.

5.      This Court has personal jurisdiction over Defendants, who purposefully established minimum contacts within Pennsylvania, including a Manufacturing and Supply Agreement, financial transactions, product development activities, and physical visits to Pennsylvania for business purposes.

6.      Venue is proper under 28 U.S.C. § 1391(b), as significant events related to the invention occurred within this district.

## PARTIES

7.      Plaintiff OI is a corporation organized under Pennsylvania law, with its principal place of business at 434 Railroad Ave., Camp Hill, Pennsylvania 17011.

2

13136774.1

8.    Defendant Lynn Williams resides in South Carolina and is improperly listed as the sole inventor on the '781 patent.

9.    Defendant BHTI, a South Carolina LLC, owns and asserts rights related to the '781 patent.

## FACTUAL BACKGROUND

10.    On June 1, 2016, provisional patent application No. 62/344,112 was filed by Williams, initially relating to a thermal blanket for beehives (Exhibit 2). The provisional application did not include the novel heating tray assembly or thermal break later claimed in the '781 patent.

11.    In August 2016, Defendants engaged OI to further develop the thermal blanket technology (Exhibit 3-1) and executed a Manufacturing and Supply Agreement (Exhibit 3-2), which included provisions reserving ownership of independently developed derivatives ("OI Derivatives") to OI.

12.    Starting in November 2016, OI employees Michael Carlini, Sukhdev Sangha, William Shaull and Todd Shuey conceived and developed significant novel improvements, including a heating tray assembly with a unique thermal break design to enhance temperature regulation for beehives, distinguishing the claimed invention from the provisional application.

13136774.1

13.     Documented evidence (Exhibits 4–9) demonstrates that Carlini contributed to the conceptual design of the heating tray, Sangha and Shaull developed specific thermal break specifications, and Shuey provided engineering refinements to ensure manufacturability, all of which were incorporated into the '781 patent claims.

14.     Despite these contributions, Defendants omitted Carlini, Sangha, Shaull and Shuey from the PCT application filed June 1, 2017 (Exhibit 10), and the issued '781 patent, granted on September 21, 2021.

15.     The omission of OI employees as inventors was intentional, motivated by Williams' animosity toward Carlini, as evidenced by communications expressing frustration and demands to exclude Carlini from business dealings (Exhibits 11 & 12). For example, Exhibit 11 (April 5, 2017) states that Williams will only deal with Michael Pastal and alleges a threat by Carlini, indicating a breakdown in their relationship.

16.     Defendants' actions, including commercializing the '781 patent and attempting to transfer its rights, risk infringement liability against OI, creating a genuine, immediate controversy.

17.    The Manufacturing and Supply Agreement (Exhibit 3-2) explicitly defines "OI Derivatives" as technology independently developed by OI, including the heating tray, and assigns ownership of such derivatives to OI.

## CLAIM FOR RELIEF

## COUNT I – DECLARATORY JUDGMENT OF CORRECTION OF INVENTORSHIP

18.    Plaintiff incorporates paragraphs 1–17 by reference.

19.    OI employees Carlini, Sangha, Shaull and Shuey materially contributed to the conception and development of the invention claimed in the '781 patent, specifically by designing the heating tray assembly (Carlini), specifying the thermal break (Sangha, Shaull), and refining the engineering for manufacturability (Shuey).

20.    Their omission as inventors constitutes error correctable under 35 U.S.C. § 256.

## COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OR UNENFORCEABILITY

21.    Plaintiff incorporates paragraphs 1–20 by reference.

22.    Defendants' intentional omission of Carlini, Sangha, Shaull and Shuey as inventors, despite their documented contributions (Exhibits 4–9) and Williams' knowledge of these contributions at the time of the PCT filing (Exhibit 10),

5

constitutes deceptive intent, rendering correction inappropriate and the '781 patent invalid under 35 U.S.C. § 102(f) or unenforceable due to inequitable conduct.

## COUNT III – DECLARATORY JUDGMENT OF OWNERSHIP RIGHTS

23.    Plaintiff incorporates paragraphs 1–22 by reference.

24.    Under Section 4.2 of the Manufacturing and Supply Agreement (Exhibit 3-2), OI retains ownership of "OI Derivatives," defined as technology independently developed by OI, including the heating tray assembly conceived and refined by OI employees.

25.    Plaintiff seeks a declaration confirming its ownership of patent rights related to the heating tray, independently developed by OI and distinct from the thermal blanket in the provisional application.

## <u>REQUEST FOR RELIEF</u>

Plaintiff requests that this Court grant the following relief:

A. Declare Carlini, Sangha, Shaull and Shuey as joint inventors of the '781 patent;

B. Order correction of inventorship with the USPTO pursuant to 35 U.S.C. § 256;

6

C. Alternatively, declare the '781 patent invalid or unenforceable due to intentional omission of inventors;

D. Declare Plaintiff the rightful owner of rights to the heating tray technology under the Manufacturing and Supply Agreement;

E. Award Plaintiff its costs and reasonable attorneys' fees;

F. Grant any further relief the Court deems appropriate.

Respectfully submitted,

BARLEY SNYDER

Date: June 27, 2025

BY: _____

Justin A. Tomevi, Esquire (313661)
jtomevi@barley.com
Joseph Falcon, Esquire (94658)
Jfalcon@barley.com
100 East Market Street
York, PA 17401
717-846-8888
Fax: 717-843-8492
Attorneys for Plaintiff

13136774.1